UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONEY ALFONSO JOHNSON, CDCR #G-53444,<br><br>Plaintiff,<br><br>vs.<br><br>DOCTOR LEE;<br>S. RASCON, Registered Dental Assistant,<br><br>Defendants. | Case No.: 3:17-cv-00095-CAB-BLM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

TONEY ALFONSO JOHNSON ("Plaintiff"), proceeding pro se, is currently incarcerated at California State Prison–Los Angeles (CSP-LAC) in Lancaster, California, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

Plaintiff claims a dentist and dental assistant acting "under contrac[t] with the California Department of Corrections and Rehabilitation" (CDCR) violated his constitutional rights on December 29, 2015, while he was incarcerated at Centinela State Prison, by extracting one of his molars using an unsterilized surgical instrument. (ECF No. 1 at 2-4.) He seeks $3 million in compensatory damages. (*Id.* at 7.)

1

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.  IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted certified copies of his CDCR Inmate Statement Report showing his trust account activity at the time of filing. *See* ECF No. 2 at 4-5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff owes more than $10,000 in restitution fines, has had no monthly deposits to his account, carried no balance over the six month period preceding the filing of his Complaint, and had an available balance of zero at CSP-LAC as of March 27, 2017 (ECF No. 2 at 2, 5). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff's Motion to Proceed IFP, declines to exact any initial filing fee because his trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.   Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.   <u>Standard of Review</u>

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]

3

accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not

4

"supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. Plaintiff's Allegations

Plaintiff claims that on December 29, 2015, Dr. Lee "performed a dental extraction … on one of Plaintiff's upper molar[s] on the right side." (ECF No. 1 at 3.) During the procedure, Dr. Lee "dropped one of the surgical instruments on the floor," picked it up, and "continued to use it" "without any type of sterilization." (*Id.* at 4.) Plaintiff contends Lee's assistant, Defendant Rascon, simply "watched," "laughed," and later told another assistant that Plaintiff was a "child abuser." (*Id.* at 4.)[2] Plaintiff contends these actions made him "susceptible" to infection, and "infringe[d] upon [his] human dignity" in violation of both the Eighth and Fourteenth Amendments.[3] (*Id.* at 4.)

///

///

---

[2] Plaintiff claims he "has never been accused, arrested, charged, tried, or convicted of abusing children in any way." (ECF No. 1 at 4.)

[3] Plaintiff invokes his right to "due process" with respect to Defendants' actions, *see* ECF No. 1 at 3, 4, but he alleges no facts to suggest either Dr. Lee or S. Rascon denied him any "life, liberty or property interest" with respect to his dental surgery without appropriate procedural protections. *See Wilkinson v. Austin,* 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). Nor has he alleged facts sufficient to support a violation of substantive due process. Only state action that "do[es] more than offend some fastidious squeamishness or private sentimentalism," and instead "shocks the conscience" to the point that it "is bound to offend even hardened sensibilities," can be said to violate the substantive protections of the Fourteenth Amendment. *See Rochin v. California*, 342 U.S. 165, 172 (1952). Plaintiff's allegations here fall far short from that high pleading standard. Finally, "[i]f a constitutional claim is covered by a specific constitutional provision," *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998), as a prisoner's Eighth Amendment medical care claims are, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), those "claim[s] must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Lewis*, 523 U.S. at 843.

C.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.   Eighth Amendment Medical Care Claims

There is no question that prison officials act "under color of state law" when housing and providing medical care to prisoners. *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."). *West* also holds that a "private physician or hospital," like Dr. Lee and his dental assistant are alleged to be in this case, "act under color of law for purposes of § 1983," when they, as Plaintiff alleges, perform under "contrac[] with CDCR." *See* ECF No. 1 at 2; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (finding state action where hospital "contract[ed] with the state ... to provide medical services to indigent citizens"); *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) ("A private . . . hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983.").

Therefore, in order to determine whether Plaintiff has pleaded a plausible claim for relief based on alleged denials of medical care, the Court must review his Complaint and decide whether it contains sufficient "factual content that allows [it] to draw the reasonable inference" that "each Government-official defendant, through the official's

6

own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. 676, 678.

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 103, 104 (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

At the screening stage of these proceedings, the Court will assume that Plaintiff's allegation of having suffered a dental injury grave enough to require surgical extraction is sufficient to show he suffered an objectively serious medical need. *See* ECF No. 1 at 3; *McGuckin*, 914 F.2d at 1059; *cf. Thompson v. Shutt*, No. 1:09-CV-01585 LJO, 2011 WL 674049, at *3 (E.D. Cal. Feb. 16, 2011) (finding a broken finger requiring "urgent surgery" constituted a serious medical need).

7

However, even assuming Plaintiff's dental needs were sufficiently serious, his Complaint fails to include any further "factual content" to show that either Dr. Lee or S. Rascon acted with "deliberate indifference" to those needs. *McGuckin*, 914 F.2d at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Specifically, Plaintiff claims only that Dr. Lee used an unsterilized medical instrument during his December 29, 2015 oral surgery, this made him "susceptible to catching an infection," ECF No. 1 at 3, Defendant Rascon "laughed" about it, and that he experienced both "extreme" and then "moderate" pain for three days following the surgery. (*Id.*) Plaintiff does not further claim to have contracted any infection as a result, however; nor does he allege to have suffered pain not typically associated with a dental extraction. *See e.g., Xavier v. Roche,* No. 2:09-CV-0783-KJM-CKD-P, 2016 WL 3670026, at *5 (E.D. Cal. July 11, 2016), *report and recommendation adopted*, No. 2:09-C-0783-KJM-CKD-P, 2016 WL 5234946 (E.D. Cal. Sept. 22, 2016) (finding no deliberate indifference to post-surgical pain and noting that "the worst of plaintiff's pain could be expected soon after surgery, when the anesthetic wore off.").

To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates both Lee and Rascon's "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). This is because to be deliberately indifferent, both Lee and Rascon's acts or omissions must entail more than he has alleged here—an isolated act of alleged negligence and/or lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. *See Toguchi,* 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). Simply put, an "inadvertent [or negligent] failure to provide adequate medical care" does not state a claim under § 1983. *Jett*, 439 F.3d at 1096 (citing *Estelle*, 429 U.S. at 105).

Moreover, to the extent Plaintiff objects to the surgical methods employed or decisions made by Dr. Lee during the course of the extraction, "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).

Finally, to the extent Plaintiff posits Lee and Rascon's actions made him "susceptible" to an infection he does not further allege ever actually occurred, (ECF No. 1 at 3), these allegations do not plausibly suggest a purposeful or conscious disregard of a known harm or any excessive risk of serious injury. *Wilhelm*, 680 F.3d at 1122; *Snow*, 681 F.3d at 988; *Martin v. Traquina*, No. CIV S 05-0557 ALA P, 2007 WL 2254437, at *7 (E.D. Cal. Aug. 3, 2007) (finding no deliberate indifference even where facts, even if known, "could have" or "should have" alerted prison doctor that inmate "faced a significant risk of infection."). A plaintiff must allege fact to establish a causal link between the Defendants' conduct and an alleged injury. Without causation, there is no deprivation of a plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976).

Accordingly, the Court finds that Plaintiff's Complaint fails to state an Eighth Amendment inadequate medical care claim against either Dr. Lee or S. Rascon, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: June 15, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge