# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONEY ALFONSO JOHNSON, CDCR #G-53444, <br><br> Plaintiff, <br><br> vs. <br><br> DOCTOR LEE, Dentist; <br> S. RASCON, Dental Assistant, <br><br> Defendants. | Case No.: 3:17-cv-00095-CAB-BLM <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

TONEY ALFONSO JOHNSON ("Plaintiff"), currently incarcerated at California Men's Colony in San Luis Obispo, California, is proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983.

**I. Procedural History**

In his original Complaint, Plaintiff claimed a dentist and dental assistant acting "under contrac[t] with the California Department of Corrections and Rehabilitation" (CDCR) violated his constitutional rights on December 29, 2015, while he was incarcerated at Centinela State Prison, by extracting one of his molars using an unsterilized surgical instrument. *See* ECF No. 1 at 2-4. He sought $3 million in compensatory damages. *Id.* at 7.

1

On June 15, 2017, the Court granted Plaintiff leave to proceed in forma pauperis ("IFP"), but dismissed his Complaint sua sponte and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 3. In its 11-page Order, the Court thoroughly reviewed Plaintiff's allegations on both Eighth and Fourteenth Amendment grounds, provided him notice of his pleading deficiencies, and granted him 45 days leave in which to amend them. *Id.*

Plaintiff has since filed a First Amended Complaint ("FAC") (ECF No. 5), which is now before the Court and subject to screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

**II.     Screening of Amended Complaint**

As Plaintiff is aware due to the Court's June 15, 2017 Order, the Prison Litigation Reform Act ("PLRA") requires review of all complaints filed by persons proceeding IFP, as well as those filed by persons, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

A.     <u>Standard of Review</u>

"The purpose of § 1915[] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a

claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

B.  Allegations in Amended Complaint

The allegations in Plaintiff's FAC are almost identical to those in his original Complaint: he claims that on December 29, 2015, Dr. Lee, a dentist, and S. Rascon, a dental assistant, both acting "under contract" with the CDCR, performed oral surgery and extracted his upper right molar. *See* FAC (ECF No. 5) at 2-3. During the procedure, Plaintiff alleges Dr. Lee "dropped one of the surgical instruments on the floor," then "picked it up and continued to use it" without first sterilizing the instrument. *Id.* at 3. Plaintiff contends this "left [him] susceptible to catching a disease and/or infection." *Id.* As for Defendant Rascon, Plaintiff claims he simply laughed, failed to intervene, and falsely told another dental assistant that Plaintiff was a "child abuser." *Id.* at 4.

Plaintiff claims these actions violated both his Eighth and Fourteenth Amendment rights,[1] and he seeks $3 million in damages. *Id.* at 3, 7.

///

---

[1] Plaintiff continues to invoke the Fourteenth Amendment with respect to Defendants' actions, *see* ECF No. 5 at 3, 4, but his FAC, like his original Complaint, still alleges no facts to suggest either Dr. Lee or S. Rascon denied him any "life, liberty or property interest" with respect to his dental surgery without appropriate procedural protections. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."). Nor has he amended to allege facts sufficient to support a violation of substantive due process. As the Court noted in its June 15, 2017 Order, *see* ECF No. 3 at 5 n.3, only state action that "do[es] more than offend some fastidious squeamishness or private sentimentalism," and instead "shocks the conscience" to the point that it "is bound to offend even hardened sensibilities," rises to the level of a substantive due process violation. *See Rochin v. California*, 342 U.S. 165, 172 (1952). Plaintiff's allegations still fall far short from that high pleading standard. Finally, as the Court also noted in its previous Order, "[i]f a constitutional claim is covered by a specific constitutional provision," *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998), as a prisoner's Eighth Amendment medical care claims are, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976), those "claim[s] must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Lewis*, 523 U.S. at 843.

C.  42 U.S.C. § 1983

As the Court noted in its June 15, 2017 Order, section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D.  Eighth Amendment Medical Care

Prison officials act "under color of state law" when housing and providing medical care to prisoners. *See West*, 487 U.S. at 49-50 ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."). *West* also holds that a "private physician or hospital," like Dr. Lee and his dental assistant are still alleged to be in this case, "act under color of law for purposes of § 1983," when they, as Plaintiff alleges, perform under "contrac[] with CDCR." *See* ECF No. 5 at 2; *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (finding state action where hospital "contract[ed] with the state ... to provide medical services to indigent citizens"); *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) ("A private ... hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983.").

Therefore, in order to determine whether Plaintiff's FAC pleads a plausible claim for relief based on Lee and Rascon's alleged actions, the Court must decide whether it contains sufficient "factual content that allows [it] to draw the reasonable inference" that "each Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. 676, 678.

///

To state a claim under the Eighth Amendment, Plaintiff must plead facts to plausibly suggest that Defendants Lee and Rascon: (1) exposed him to a substantial risk of serious harm; and (2) did so with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994); *Iqbal*, 556 U.S. at 678.

In a medical care case, Plaintiff must first allege he suffered from or faced an objectively "serious medical need." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016). "A medical need is serious when the failure to treat it could result in significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As it did in its previous Order, the Court will continue to assume that Plaintiff's allegation of having suffered a dental injury grave enough to require surgical extraction is sufficient to show he suffered an objectively serious medical need. *See* ECF No. 5 at 3; *McGuckin*, 914 F.2d at 1059; *cf. Thompson v. Shutt*, No. 1:09-CV-01585 LJO, 2011 WL 674049, at *3 (E.D. Cal. Feb. 16, 2011) (finding a broken finger requiring "urgent surgery" constituted a serious medical need).

In addition, however, Plaintiff must allege facts sufficient to demonstrate both Defendant Lee and Rascon acted with "deliberate indifference" to his serious medical needs. *See Erickson v. Pardus*, 551 U.S. 89, 90 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment," and this includes "indifference ... manifested by prison doctors in their response to the prisoner's needs.")). "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over

what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation. *Gamble*, 429 U.S. at 105-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Gamble*, 429 U.S. at 106; *see, e.g., Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin*, 974 F.2d at 1050; *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Instead, Plaintiff must allege that "the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to [his] health.'" *Hamby*, 821 F.3d at 1092 (citations omitted).

In his FAC, Plaintiff continues to claims only that Dr. Lee used an unsterilized medical instrument during his December 29, 2015 oral surgery, that this made him "susceptible to catching a disease and/or infection," ECF No. 5 at 3, that Defendant Rascon "laughed" about it, and that he experienced "extreme" and then "moderate" pain for three days following the surgery. *Id.* Plaintiff still does not further claim to have ever contracted any infection or disease as a result, however; nor does he allege to have suffered pain not typically associated with a dental extraction. *See e.g., Xavier v. Roche,* No. 2:09-CV-0783-KJM-CKD-P, 2016 WL 3670026, at *5 (E.D. Cal. July 11, 2016), *report and recommendation adopted*, No. 2: 09-C-0783-KJM-CKD-P, 2016 WL 5234946 (E.D. Cal. Sept. 22, 2016) (finding no deliberate indifference to post-surgical pain and noting that "the worst of plaintiff's pain could be expected soon after surgery, when the anesthetic wore off.").

To state an Eighth Amendment claim, Plaintiff must include "further factual enhancement," *Iqbal*, 556 U.S. at 678, which demonstrates both Lee and Rascon's "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir.

7

2012) (citing *Jett*, 439 F.3d at 1096). Defendant Lee and Rascon's acts or omissions must entail more than Plaintiff continues to allege in his FAC—an isolated act of alleged negligence and/or lack of due care. *See Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. *See Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). Simply put, an "inadvertent [or negligent] failure to provide adequate medical care" does not state a claim under § 1983. *Jett*, 439 F.3d at 1096 (citing *Estelle*, 429 U.S. at 105); *see also Gutierrez v. Los Angeles Cty. Sheriff*, No. CV 14-8296-ODW-DFM, 2015 WL 4910577, at *3-4 (C.D. Cal. June 24, 2015) (recommending § 1915(e)(2) and § 1915A dismissal of claims that a physician "probed [plaintiff's] knee with an unsterilized needle" as insufficient to show deliberate indifference), *adopted and judgment entered*, No. CV 14-08296-ODW-DFM, 2015 WL 4916778 (C.D. Cal. Aug. 17, 2015).

Moreover, to the extent Plaintiff continues to object to the surgical methods employed or decisions made by Dr. Lee during the course of the extraction, his difference of opinion still "does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23. While he has been provided an opportunity to do so, Plaintiff's FAC still fails to allege facts sufficient to "show that the course of treatment [Lee and Rascon] chose was medically unacceptable under the circumstances," or that they acted "in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted).

Finally, to the extent Plaintiff continues to claim that Lee and Rascon's actions made him susceptible to an infection or a disease he does not further allege to have actually contracted, *see* ECF No. 5 at 3, his claims do not plausibly show he faced any excessive risk of serious injury. *Wilhelm*, 680 F.3d at 1122; *Snow*, 681 F.3d at 988; *Martin v. Traquina*, No. CIV S 05-0557 ALA P, 2007 WL 2254437, at *7 (E.D. Cal. Aug. 3, 2007) (finding no deliberate indifference even where facts, even if known, "could

8

3:17-cv-00095-CAB-BLM

have" or "should have" alerted prison doctor that inmate "faced a significant risk of infection."). A plaintiff must allege fact to establish a causal link between the Defendants' conduct and an alleged injury. *See Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

Accordingly, the Court finds that Plaintiff's FAC still fails to state an Eighth Amendment inadequate medical care claim against either Dr. Lee or S. Rascon, and that therefore, it, like his original pleading, is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

    E.    <u>Leave to Amend</u>

Because Plaintiff has already been provided a short and plain statement of his Eighth and Fourteenth Amendment pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. Conclusion and Order

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: October 27, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge